IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE C. MILOSLAVICH, | |
| Petitioner, | No. CIV S-10-2253 JAM DAD P |
| vs. | |
| HARRINGTON, | ORDER AND |
| Respondent. | FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On September 3, 2010, the undersigned ordered respondent to file and serve a response to the petition. On November 2, 2010, respondent filed the pending motion to dismiss, arguing that petitioner's habeas petition is a second or successive petition under 28 U.S.C. § 2244(b). Petitioner has filed an opposition to the motion, and respondent has filed a reply.

**BACKGROUND**

On March 12, 2004, a San Joaquin County Superior Court jury found petitioner guilty of first-degree robbery. The jury also found that petitioner had a prior serious felony conviction, had served a prior prison term, and had two prior convictions within the meaning of California's Three Strikes law. Petitioner was subsequently sentenced in the San Joaquin County

Superior Court to thirty-two years to life in state prison. On December 7, 2005, the California Court of Appeal for the Third Appellate District affirmed the judgment of conviction. On March 15, 2006, the California Supreme Court denied review. (Pet. at 2, Resp't's Lodged Docs. 1-4.)

On July 3, 2007, petitioner filed a federal petition for writ of habeas corpus in this court. See Case No. CIV S-07-1315 FCD CMK P.[1] On May 20, 2008, the court dismissed his federal petition as having been untimely filed. Petitioner then filed three petitions seeking habeas corpus relief in state court. The San Joaquin County Superior Court, the California Court of Appeal, and the California Supreme Court all denied him relief. (Resp't's Lodged Docs. 5-14.) On August 23, 2010, petitioner commenced this action by filing the pending petition.

## RESPONDENT'S MOTION TO DISMISS

I. Respondent's Motion

Respondent argues that the court should dismiss the pending petition because it is successive under 28 U.S.C. § 2244(b). Specifically, respondent argues that prior to filing the pending petition, petitioner filed a federal habeas petition in this court challenging the same state court conviction and sentence. See Case No. CIV S-07-1315 FCD CMK P. This court dismissed the previously-filed habeas action as untimely. Respondent contends that the pending petition challenging the same conviction and sentence must be dismissed because petitioner has not obtained an order from the Ninth Circuit as required, authorizing him to file a second or successive federal habeas petition. (Resp't's Mot. to Dismiss at 3.)

II. Petitioner's Opposition

In opposition to respondent's motion, petitioner acknowledges that he previously filed a federal petition for writ of habeas corpus in this court but argues that the court dismissed it as untimely without considering his claims. In petitioner's view, he has acted diligently and this

/////

---

[1] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

court should rule on the merits of his new federal habeas claims.  (Pet'r's Opp'n to Resp't's Mot. to Dismiss at 1-5.)

III.  Respondent's Reply

       In reply, respondent reiterates that the court's dismissal of petitioner's prior habeas petition as untimely renders the pending federal petition successive.  Respondent repeats that the court lacks jurisdiction to consider petitioner's successive petition because he has not obtained the required prior authorization from the Ninth Circuit. (Resp't's Reply at 2.)

**ANALYSIS**

       "A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed . . . ." 28 U.S.C. § 2244(b)(2).  This is the case unless,

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).  Before filing a second or successive petition in the district court, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

       The court's own records reveal that petitioner previously filed a petition for writ of habeas corpus in this court attacking the same state court conviction and sentence that he now seeks to challenge in this habeas proceeding.  See Case No. CIV S-07-1315 FCD CMK P.  In that previously-filed habeas action, the court dismissed petitioner's application as barred by the AEDPA statute of limitations.  The Ninth Circuit has expressly held "that the dismissal of a

habeas petition as untimely constitutes a disposition on the merits and that a further petition challenging the same conviction would be 'second or successive' for purposes of 28 U.S.C. § 2244(b)." McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009).  Here, petitioner has not obtained an order from the Ninth Circuit authorizing the district court to consider a second or successive petition as required to proceed with this habeas action.  Therefore, this court lacks jurisdiction to entertain the now pending petition.  See Burton v. Stewart, 549 U.S. 147, 152 (2007).  Accordingly, the instant petition should be dismissed without prejudice to its refiling with a copy of an order from the Ninth Circuit Court of Appeals authorizing petitioner to file a second or successive petition.[2]

**OTHER MATTERS**

After respondent filed a reply in this matter, petitioner filed a motion for an extension of time but did not specify why he was seeking additional time.  Petitioner then filed what appears to be an unauthorized response to respondent's reply.  See Local Rule 230(l).  In light of the findings and recommendations herein, the court will deny petitioner's motion for an extension of time as moot.

**CONCLUSION**

IT IS HEREBY ORDERED that petitioner's January 18, 2011 motion for an extension of time (Doc. No. 14) is denied as moot.

IT IS HEREBY RECOMMENDED that:

1. Respondent's November 2, 2010 motion to dismiss (Doc. No. 10) be granted;

2. Petitioner's application for a writ of habeas corpus be dismissed without prejudice to its refiling with a copy of an order from the Ninth Circuit Court of Appeals authorizing petitioner to file a second or successive petition; and

---

[2] In their briefing on the motion to dismiss both parties have presented arguments regarding the timeliness of the pending petition.  In light of the recommendation set forth above, however, the court will not reach the merits of those timeliness arguments.

   3.  This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 4, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
milo2253.157

5